

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 27, 1951

Hon. Larry O. Cox
Executive Director
Board for Texas State Hospi-
  tals and Special Schools
Austin, Texas

Opinion No. V-1172

Re: Legality of the Board's pay-
    ing architectural fees prior
    to the execution of construc-
    tion contracts; necessity of
    approval of architectural
    contracts by the Board of Con-
    trol.

Dear Sir:

You have requested the opinion of this office
on the following questions:

1. May the Board for Texas State Hospitals
and Special Schools pay an architect a part of his fees
for preparing plans and specifications for a building
prior to the time it executes a contract for construc-
tion of the building, out of its appropriation of $5,000,-
000 for the current biennium ending August 31, 1951, the
appropriation from which the cost of constructing the
building will be paid?

2. Must architectural contracts entered into
by the Board for Texas State Hospitals and Special Schools
be reviewed and approved by the Board of Control?

The Legislature in 1949 created the Board for
Texas State Hospitals and Special Schools, hereinafter
referred to as the Board, and prescribed its powers and
duties in H.B. 1, Acts 51st Leg., R.S. 1949, ch. 316, p.
588 (Art. 3174b, V.C.S.).

In 1950, the Legislature amended Article 7047c-
1, V.C.S., so as to increase the State tax on cigarettes
until August 31, 1957. H.B. 2, Acts 51st Leg., 1st C.S.
1950, ch. 1, p. 1. The amendment creates the State Hos-
pitals and Special Schools Building Fund and provides that

a specified portion of the net revenue derived from cigarette taxes through August 31, 1957, shall be credited to this fund, the amount for the biennium ending August 31, 1951, not to exceed $5,000,000. Section 3 of Article 7047c-1, as amended, further provides:

"All funds credited to the State Hospitals and Special Schools Building Fund under this Act are hereby appropriated to the Board for Texas State Hospitals and Special Schools for the purpose of constructing, repairing and equipping such buildings as in the opinion of the Board are necessary to the proper care of those committed or to be committed to such hospitals and special schools according to law. Provided however, the fees paid to an architect shall not exceed six per cent (6%) for the plans, specifications and supervisions of said buildings and all contracts made for and the final acceptance in connection with such construction other than the plans and specifications, shall be subject to the review and approval of the Board of Control."

You have furnished us with a printed form of the contract generally used by the Board in making contracts with architects for professional services, which include the preparation of plans and specifications and preliminary estimates of cost of the project, general administration of the business, and supervision of the work. A contract executed on this form between the Board and an architect obligates the Board to pay to the architect a fee based on the estimated cost of the project described therein. The "basic rate" of the fee is fixed at five per cent of the first $200,000 of the cost of the project and is thereafter graduated downward on a fixed schedule as the cost of the project increases.

Article 4 of the contract provides, in part:

"4. Payments. Payments to the Architect on account of his fee shall be made as follows; subject to the provisions of Article 3 hereof:

"Upon completion and approval by the Owner of preliminary studies a sum equal to twenty

per cent (20%) of the basic rate computed upon a reasonable estimated cost;

"Upon completion and approval by the Owner of specifications and general working drawings a sum sufficient to increase the payments to fifty per cent (50%) of the basic rate based on a reasonable estimated cost;

"Upon awarding of contract or if no contract is awarded within ten (10) days of opening of bids a sum sufficient to increase the payments to sixty-five (65%) per cent of the basic fee based on the lowest bona fide bid.

"It is understood that the above-mentioned estimated cost shall in no event exceed the amount of the appropriation (from whatever source) for the work."

We have found no legal objection to the provisions of Article 4 quoted above. The Board necessarily must have plans and specifications for a particular building or project before it can call for bids or award a contract for its construction. Consequently, we answer your first question in the affirmative.

We turn now to your second question, concerning approval by the Board of Control of architectural contracts entered into by the Board for Texas State Hospitals and Special Schools.

Article 681, V.C.S., as amended in 1949 (Acts 51st Leg., R.S. 1949, ch. 323, p. 606), provides:

"The State Board of Control, through its chief of such division, shall design all public buildings erected at the expense of the state where designing is not otherwise provided by law or by its appropriation bill; but in no instance shall plans or designs be adopted by the head of any department, board, institution, or school, other than the state educational institutions of higher learning and the Texas Prison System, and the Texas State Board for hospitals and special schools, unless such design and plans have been approved by the Board."

The change made in Article 681 by the foregoing amendment was to exempt therefrom "the state educational institutions of higher learning and the Texas Prison System, and the Texas State Board for hospitals and special schools."

Prior to February 28, 1950, the effective date of House Bill 2, the Board for Texas State Hospitals and Special Schools undoubtedly had the exclusive authority to make contracts with architects to prepare plans and specifications for buildings to be constructed for the respective institutions under its control and to approve the plans and specifications so prepared. The Board still has such authority, unless it has been vested in the State Board of Control by the following specific provision in Section 3 of Article 7047c-1 as amended by House Bill 2 (Acts 51st Leg., 1st C.S. 1950, ch. 1, p. 1):

"Provided however, the fees paid to an architect shall not exceed six per cent (6%) for the plans, specifications and supervisions of said buildings and all contracts made for and the final acceptance in connection with such construction other than the plans and specifications, shall be subject to the review and approval of the Board of Control."

This proviso excepts contracts for plans and specifications from the requirement of approval by the Board of Control. It is our opinion that the exception also embraces the architect's estimates, supervision, and other services set out in the contract form which you have submitted to us. Therefore, you are advised that such contracts made by the Board with architects are not required to be reviewed and approved by the Board of Control.

## SUMMARY

The Board for Texas State Hospitals and Special Schools may legally pay an architect a part of his fees for preparing plans and specifications for a building prior to the time it executes a contract for construction of the building, out of its appropriation for the current biennium ending August 31, 1951, the appropriation from which the cost of constructing the building is to be paid.

Contracts made by the Board for architects' services to be paid from the State Hospitals and Special Schools Building Fund are not subject to review and approval of the State Board of Control.

APPROVED:                              Very truly yours,

Jesse P. Luton, Jr.                    PRICE DANIEL
Reviewing Assistant                    Attorney General

Charles D. Mathews
First Assistant

By
Bruce W. Bryant
Assistant

BWB:wb